UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STRIKE 3 HOLDINGS, LLC,

               Plaintiff,

    v.

JOHN DOE subscriber assigned IP address
98.11.175.82,

               Defendant.

_____

**DECISION AND ORDER**

1:22-CV-00271 EAW

## INTRODUCTION

Plaintiff Strike 3 Holdings, LLC, ("Plaintiff") commenced this action on April 7, 2022, alleging that defendant John Doe subscriber assigned IP address 98.11.175.82 ("Defendant") downloaded and distributed Plaintiff's motion pictures ("the Works") in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (Dkt. 1).  On November 10, 2022, Defendant proceeding *pro se* filed the instant motion to quash a third-party subpoena (Dkt. 8) directed to Defendant's Internet Service Provider ("ISP") pursuant to the Court's October 12, 2022 Decision and Order (Dkt. 7).  Also pending before the Court is Plaintiff's second motion for an extension of time to file and effectuate service on Defendant.  (Dkt. 11).

For the following reasons, the Court denies Defendant's motion to quash (Dkt. 8) and grants Plaintiff's second motion for an extension of time (Dkt. 11).

- 1 -

## BACKGROUND

The following alleged facts are taken from the complaint and assumed to be true for the purposes of the pending motions. Plaintiff has alleged ownership of motion pictures (the "Works") and that the Works have "been registered with the United States Copyright Office." (Dkt. 1 at ¶ 45). Plaintiff has also alleged that Defendant "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶¶ 49-50). According to Plaintiff, it has "developed, owns, and operates an infringement detection system, named 'VXN Scan,'" and used VXN Scan to determine that "Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (*Id.* at ¶¶ 27, 28). "[W]hile Defendant was using the BitTorrent file distribution network, VXN Scan established direct TCP/IP connections with Defendant's IP address." (*Id.* at ¶ 29). VXN Scan "downloaded from Defendant one or more pieces of numerous digital media files," which Plaintiff identified "as portions of [the Works]." (*Id.* at ¶¶ 30-31). Plaintiff alleges that VXN Scan used the "Info Hash" value, which is "contained within the metadata of the .torrent file correlated with a digital media file . . . identical (or substantially similar) to a copyrighted work, to download a piece (or pieces) of the same digital media file from Defendant using the BitTorrent network," and that "VXN Scan captured transactions from Defendant sharing specific pieces of [the Works]." (*Id.* at ¶¶ 35, 37). Plaintiff further alleges that Defendant's infringement is "continuous and ongoing." (*Id.* at ¶ 44).

Plaintiff moved *ex parte* for leave to serve a third-party subpoena on Defendant's ISP so that Plaintiff could learn the name and address of Defendant and properly serve her/him.  (Dkt. 4).  Thereafter, Plaintiff filed a motion for extension of time to serve Defendant.  (Dkt. 6).  On October 12, 2022, the Court granted Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45 and granted the motion for extension of time.  (Dkt. 7).

Defendant filed a motion to quash the subpoena on November 10, 2022.  (Dkt. 8). Plaintiff submitted its response in opposition on December 5, 2022 (Dkt. 10) and filed a second motion for an extension of time to file and effectuate service on Defendant on January 3, 2023 (Dkt. 11).

## DISCUSSION

## I.    Motion to Quash

Rule 45 provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant."  *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation omitted); *see also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome.").  Factors that should be considered when determining whether to grant a motion to quash based on a qualified privilege protecting anonymity include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quotation, alterations, and citation omitted). Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016).

Defendant seeks to quash the subpoena and the release of her/his name or address, asserting that Defendant's laptop was previously stolen and that neighbors may have had access to the wifi password and downloaded the copyrighted material. Defendant states that the wifi network and password have since been changed, and there is no longer a risk of this happening again. In response, Plaintiff contends that a denial of liability does not serve as an appropriate basis to quash a subpoena and that such arguments are better addressed in the course of ligation. The Court agrees with Plaintiff. *See Taylor v. Doe*, No. 1:20-CV-03398-MKV, 2021 WL 2940919, at *4 (S.D.N.Y. July 12, 2021) ("Doe's argument that her personal identifying information could be a false positive . . . goes to her liability, not the propriety of the subpoena, and is therefore premature."); *Malibu Media, LLC*, 2016 WL 4574677, at *6 ("[W]hether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the . . . Subpoena."); *John Wiley & Sons, Inc. v. Doe Nos. 1-44*, No. 12 Civ. 1568(WHP), 2012 WL 3597075, at *2 (S.D.N.Y. Aug. 21, 2012) (holding the defendant's claims that the plaintiff was "participating in a shake-down

campaign" and "that an IP address is not a reliable means of identifying a specific BitTorrent user" were premature because they challenged the defendant's "liability rather than the propriety of the subpoena").   Any concerns about protecting Defendant's anonymity from the public do not warrant withholding information from Plaintiff and are otherwise adequately addressed by the protective order entered in this case. (Dkt. 7 at 5-6).

     Consequently, Defendant's motion to quash is denied.

## II.   Motion for Extension of Time

Plaintiff  has moved  for the Court to grant a second extension  of the time to serve its complaint. (Dkt. 11).  Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint.  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  Here, Plaintiff seeks an extension of time because Plaintiff was granted leave in the Court's Decision and Order to serve a third-party subpoena  on Defendant's ISP to obtain Defendant's identifying information. (Dkt. 7).  The ISP has not yet responded due to the pending status of the instant motion to quash, which rendered Plaintiff unable to comply with the current service deadline.  "Plaintiff s inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe,* No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016).  Therefore, Plaintiff's second motion for an extension of time is granted, and Plaintiff must effectuate service on or before August 21, 2023.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to quash (Dkt. 8) is  denied,

Plaintiff's second motion for an extension of time (Dkt. 11) is granted, and Plaintiff

must effectuate service on or before August 21, 2023.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  June 20, 2023
        Rochester, New York